UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 00-114-JWD-SDJ

DARRYL T. JONES

**RULING AND ORDER**

This matter comes before the Court on the *Motion for Expungement* (Doc. 262) filed by Defendant, Darryl T. Jones ("Defendant"). The United States of America ("Government") opposes the motion. (Doc. 266.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's *Motion* is denied.

I.  **Relevant Factual and Procedural Background**

On March 23, 2001, Defendant pleaded guilty to federal drug trafficking violations arising in the Middle District of Louisiana. (Doc. 65; Doc. 97 at 1.) On August 30, 2001, Defendant was sentenced to 48 months in the custody of the Bureau of Prisons followed by a 5-year term of supervised release. (Doc. 97 at 2–3.) Defendant has completed his sentence and conditions. (Doc. 268 at 1.)

On August 4, 2020, Defendant moved for a status conference with the Court to discuss having his recorded expunged or sealed. (Doc. 262.) The Government responded by opposing the motion and by arguing that a district court lacks the power to expunge a valid conviction. (Doc. 266 at 2.) On May 18, 2021, this Court issued an order denying the request for a status conference but instead converting that motion to one for expungement (Doc. 267.)

The Court also ordered briefing. (*Id.*) In support of his motion, Defendant argues that some circuits, including the Fifth, have held that district courts may consider expungement of criminal records for equity reasons. (Doc. 268 at 1–2.) The Government replied that Defendant lacks standing to seek an expungement because he has not alleged a specific rights violation. (Doc. 271 at 2.)

II.   Discussion

A.  Parties Arguments

i.   **Defendant's Motion to Expunge (Doc. 262)**

Defendant states that he completed his sentence and conditions, and now seeks a status conference with the Court to discuss expunging or sealing his criminal record. (Doc. 262 at 1.)

ii.   **Government's Opposition (Doc. 266)**

The Government argues that a district court may expunge a criminal record under its inherit authority, but there is a strong presumption against expungement. (Doc. 266 at 2.) The Government states that the high burden to justify the expungement is on Defendant. (*Id.*) Finally, the Government claims that a district court does not have the power to expunge a valid conviction, and district courts have only used their discretion to expunge invalid convictions. (*Id.* (citing *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986); *Untied States v. Robinson*, 94-1945, 1996 WL 107129 (6th Cir. Mar. 8, 1996)).)

iii.   **Defendant's Memorandum in Support of Status Conference or Alternatively Motion for Expungement (Doc. 268)**

Defendant argues that there is a circuit split on whether federal courts have the authority to expunge the records they maintain. (Doc. 268 at 1.) Defendant states that the Second, Fourth, Fifth, Seventh, Tenth and D.C. Circuits have held that federal courts may consider expungement of criminal records for equity reasons. (*Id.* at 1–2.) Defendant contends that these circuits use a

balancing test to determine whether judicial records can be expunged and "if the dangers of unwarranted adverse consequences to the individual outweighs the public interest in maintenance of the records, expungement is appropriate." (*Id.* at 2 (citing *United States v. Flowers*, 389 F.3d 737, 739 (7th Circ. 2004)).) Defendant urges the Court to consider expungement of his record for equity reasons. (*Id.* at 2.)

Defendant claims that, since his conviction, he has not been involved in any criminal activities and has been a model citizen. (*Id.*) He states that he is a husband and a father, who is unable to pursue different career opportunities due to his conviction. (*Id.*) In addition, Defendant claims that, because of his criminal conviction, he is unable to obtain a firearm to protect his family. (*Id.*) Defendant argues that he has matured and learned from the mistake he made as a twenty-one-year-old, and he urges the Court to clear his record. (*Id.*) Finally, Defendant asserts that the adverse consequences of not expunging or sealing his record outweighs the public interest in the maintenance of such records. (*Id.*)

### iv. Government's Response in Opposition to Defendant's Motion For Expungement of Conviction (Doc. 271)

The Government maintains that the Court lacks jurisdiction to expunge a valid conviction. (Doc. 271 at 2.) The Government asserts that the Fifth Circuit has stated that expungement is burdensome on the executive and so intrusive that it should rarely, if ever be used as a remedy by the courts. (*Id.* (citing *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 698 (5th Cir. 1997).)) Expungement also subverts Congress's express desire to maintain and preserve all criminal records. (*Id.*) The Government argues that "[a] court may not order the expungement of records if the facts show a violation of the charged crime, but the conviction was overturned on constitutional grounds." (*Id.* (citing *Rogers v. Slaughter*, 469 F.2d 1084 (5th Cir. 1972).)) Therefore, the Government argues that a court may not order expungement of records in a case where a conviction

3

was validly obtained. (*Id.* (citing *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).)) The Government further claims that since Defendant has not alleged any specific rights violation, he lacks standing for the remedy of expungement. (*Id.* (citing *Sealed Appellant*, 130 F.3d. at 699.)) Finally, the Government asserts that there is no statutory or constitutional basis for expungement as a remedy. (*Id.* at 3 (citing *Sealed* Appellant, 130 F.3d. at 699-700.))  Thus, the Government urges that Defendant's motion be denied. (*Id.*)

### III. Relevant Law

"In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction." *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997). "[T]he petitioner must assert a specific rights violation--one that cannot be remedied by the relief otherwise provided for by the courts or by Congress--in order to qualify for expungement." *Id.* The remedy must be a direct and proximate result of civil rights violations. *Sealed Appellant*, 130 F.3d at 699; *see also Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("The general rule which emerges from the cases is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest.") A remedy cannot give a defendant more relief than if he had been acquitted. *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972).

Under exceptional circumstances, a district court may order to expungement of criminal records, but expungement is increasingly narrow. *Sealed Appellant*, 130 F.3d at 702 (citing *Rogers*, 496 F.2d at 1085). This is a high burden and there is a strong presumption against expungement. *Id.* at 701. The burden of proof is on the defendant to show that there is likely no other remedy that

4

can relieve his injury. *Id.* at 702. A district court lacks the power to order the official records of an overturned conviction rewritten, and it follows as an *a fortiori* matter that the court is not empowered to order the official records rewritten in a case where the validity of the conviction is unquestioned. *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).

There is no-constitutional basis for a "right to expungement." *Sealed Appellant*, 130 F.3d at 699. A statutory right to expungement may exist, but only "from specific statutory provisions granting a right that could be effected only by the court's use of that remedy." *Id.* at 700. The Court "should not elevate a mere remedy to the status of a right." *Id.*

## IV.    Analysis

Defendant argues that the Court should adopt the balancing test used by the Seventh Circuit in *Flowers*, to determine whether his conviction can be expunged. (Doc. 268 at 2 (citing *Flowers*, 389 F.3d at 739.)) However, *Flowers* was overturned by *United States v. Wahi*, where the Seventh Circuit ruled that it was joining other circuits in the determination that "expungement authority is not inherent but instead must be grounded in a jurisdictional source found in the Constitution or statutes." 850 F.3d 296, 298 (7th Cir. 2017). "[T]he district court's ancillary jurisdiction does not stretch so far as to permit the assertion of jurisdiction over a petition to expunge the judicial record in a criminal case on purely equitable grounds." *Id.* at 302. Thus, the equitable balancing test Defendant urges the Court to use is no longer good law.

Even if the Seventh Circuit's balancing test was available, it could not be applied in this case because this Court is bound by the decisions of the Fifth Circuit. This circuit has ruled that a party seeking expungement of a criminal record must have asserted an affirmative rights violation by the executive actors that hold the records of his overturned conviction in order to have standing. *Sealed Appellant*, 130 F.3d at 699. Here, Defendant makes no such assertion. (*See* Doc. 268.) The

5

Fifth Circuit allows for expungement of records under exceptional circumstances, but this allowance is very narrow. *Sealed Appellant*, 130 F.3d at 702 (citing *Rogers*, 496 F.2d at 1085). The Defendant must meet the high burden of proving that expungement is the only relief to his injury.

Here, the Defendant does not meet this high burden. Defendant makes no argument that his rights have been violated and that expungement is the only method of relief. (*See* Doc. 268.) Defendant argues that he is a husband and father who has matured from his mistake as a young adult. (*Id.* at 2.) He states that he is unable to pursue certain career paths because of his past criminal conviction. (*Id.*) In addition, Defendant states that he wishes to obtain a firearm to protect himself and his family but is unable to do so because of his conviction. (*Id.*) However, this argument does not show that his rights have been violated and that expungement is the only remedy to that injury.

Allowing for the expungement of Defendant's records would give him more relief than if he had been acquitted at trial. *Rogers*, 469 F.2d at 1085. An expungement of Defendant's records would eliminate all history of the charges and conviction. But, even if there is an acquittal, there is still a record of the charges and the proceedings. The expungement of records is granting more relief than an acquittal. Defendant plead guilty to the formal charges of the inditement. (Doc. 65; Doc. 97 at 1.) This is a valid conviction.

In addition, Defendant does not challenge the validity of his conviction. (Doc. 268 at 1.) Since the Defendant does not question the validity of his conviction, the Court cannot order his official records rewritten. *Scott*, 793 F.2d at 118. Expungement can only be a right from "specific statutory provisions." *Sealed Appellant*, 130 F.3d at 700. However, the Court cannot elevate expungement as a remedy to a right. *Id.* Defendant does not identify any statutory provision that

6

grants him the right to expungement. (*See* Doc. 268.) Therefore, the Court does not have the power to order the expungement of Defendant's official records.

V.     Conclusion

**IT IS ORDERED** that the *Motion for Expungement* (Doc. 262) filed by Defendant, Darryl T. Jones is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 11, 2022.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**